**PRESTIGE LEGAL SOLUTIONS, P.C.**
Michelle Yang, Esq. (SBN 325467)
myang@plsfirm.com
Jeffrey L. Le Pere, Esq. (SBN 201787)
jlepere@plsfirm.com
6420 Wilshire Blvd., Ste. 200
Los Angeles, CA 90048
Telephone: (310) 933-6626
Fax: (310) 933-5821

Attorneys for Plaintiff,
**JOSE MARTINEZ**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARTINEZ, an individual, | Case No.: |
| Plaintiff, | COMPLAINT |
| vs. | 1. **VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2** |
| NISSAN NORTH AMERICA, INC., a Delaware corporation, and DOES 1 through 10, inclusive, | 2. **VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2** |
| Defendants. | 3. **VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2** |
| | 4. **BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY** |
| | 5. **VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT** |

1
**COMPLAINT**

Plaintiff Jose Martinez ("Plaintiff") alleges as follows:

## FEDERAL JURISDICTION

1. This court has jurisdiction as federal question and has met the amount in controversy pursuant to 15 USC § 2310(d)(3).

2. This court has ancillary jurisdiction over the balance of plaintiff's claims.

## PARTIES

3. As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff Jose Martinez.

4. Plaintiff is, and at all times relevant herein was, a resident of Bell Gardens, California.

5. As used in this Complaint, the word "Defendant" shall refer to Defendant Nissan North America, Inc.

6. Defendant is, and at all times relevant herein was, a corporation incorporated/organized under the laws of the State of Delaware and registered to conduct business in California. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, assembling, producing, constructing, marketing, distributing, and/or selling consumer goods, including but not limited to motor vehicles and motor vehicle components.

7. Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names "DOES 1 to 10". These Defendants are sued pursuant to Code of Civil Procedure section 474. When Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiff will amend this Complaint to state their true names and capacities.

8. Plaintiff hereby revokes acceptance of their 2021 Nissan Kicks, VIN 3N1CP5DV5ML525773 ("Subject Vehicle").

/ / /

/ / /

# FIRST CAUSE OF ACTION
# BY PLAINTIFF AGAINST DEFENDANT
# VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2

9. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

10. On or around August 26, 2021, Plaintiff purchased Subject Vehicle. Subject Vehicle is a **new motor vehicle, as the term is defined by California Civil Code section 1793.22(e)(2).**[1] Subject Vehicle was manufactured and/or distributed by Defendant.

11. Plaintiff purchased and used Subject Vehicle primarily for personal, family, or household purposes. Plaintiff purchased Subject Vehicle from a person or entity engaged in the business of manufacturing, distributing, selling, or leasing consumer goods at retail.

12. At the time of delivery, Plaintiff received express written warranties in which Defendant undertook to preserve or maintain the utility or performance of Subject Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a nonconformity developed within Subject Vehicle during the applicable warranty period, Plaintiff could deliver Subject Vehicle for repair to Defendant's authorized service and repair facilities and Subject Vehicle would be repaired.

13. During Plaintiff's ownership of Subject Vehicle, the Subject Vehicle manifested defects covered by Defendant's express written warranties. These defects include but are not limited to the following: drive assist, software and engine defects (Subject Vehicle's "defects"). These defects substantially impair the use, value, and/or safety of Subject Vehicle to Plaintiff.

---

[1] All subsequent references to the Civil Code refer to the California Civil Code.

**COMPLAINT**

14. Plaintiff delivered Subject Vehicle to Defendant and/or its authorized service and repair facilities for diagnosis and repair of the defects.

15. Defendant and/or its authorized service and repair facilities failed to service or repair Subject Vehicle to conform to the applicable express warranties after a reasonable number of opportunities to do so.

16. Plaintiff has lost confidence in Subject Vehicle and Defendant's ability to conform Subject Vehicle to the applicable warranty.

17. Despite this fact, Defendant failed to promptly replace Subject Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2(d).

18. No information was provided to Plaintiff prior to, or at the time of sale, about the difficulty and delay that would follow in the ability to set an appointment to have repair performed, or to obtain parts. The inability to timely complete repairs renders Defendant's warranty deceptive.

19. The Magnuson Moss Warranty Act defines a deceptive warranty as follows:

> For the purposes of this subsection, the term "deceptive warranty" means (A) a written warranty which (i) contains an affirmation, promise, description, or representation which is either false or fraudulent, or which, in light of all of the circumstances, would mislead a reasonable individual exercising due care; or (ii) fails to contain information which is necessary in light of all of the circumstances, to make the warranty not misleading to a reasonable individual exercising due care; or (B) a written warranty created by the use of such terms as "guaranty" or "warranty", if the terms and conditions of such warranty so limit its scope and application as to deceive a reasonable individual.

See, 15 USC 2310(C)(2).

20. Despite this fact, Defendant failed to promptly replace Subject Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2(d).

21. Plaintiff has been damaged by Defendant's failure to comply with its obligations under Civil Code section 1793.2(d), and therefore brings this cause of action pursuant to Civil Code section 1794.

22. Defendant has and continues to have an affirmative duty to *promptly* repurchase or replace vehicles that have failed to conform to the warranty within a reasonable number of repair attempts. Defendant has deliberately, knowingly and willfully failed to repurchase or replace the Subject Vehicle.

23. Defendant's failure to comply with its obligations under Civil Code section 1793.2(d) was willful, in that Defendant and its representatives knew of their legal obligations and intentionally declined to follow them. Accordingly, Plaintiff is entitled to a civil penalty of up to two times Plaintiff's actual damages, pursuant to Civil Code section 1794(c).

## SECOND CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT
## VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2

24. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

25. Defendant maintains service and repair facilities and/or designates independent service and repair facilities (Defendant's "representatives"). Defendant's representatives are intended to carry out the terms of Defendant's express warranties.

26. Although Plaintiff presented Subject Vehicle to Defendant's representatives in this state for repair of Subject Vehicle, Defendant and/or its representatives failed to commence repairs within a reasonable time, in violation of Civil Code section 1793.2(b).

27. Although Plaintiff presented Subject Vehicle to Defendant's representatives in this state for repair of Subject Vehicle, Defendant and/or its representatives failed to complete repairs within thirty days, in violation of Civil

Code section 1793.2(b).  Plaintiff did not extend the time for completion of repairs beyond the requisite thirty days.

28. Plaintiff has been damaged by Defendant's and/or its representatives' failure to comply with Civil Code section 1793.2(b). Thus, Plaintiff brings this cause of action pursuant to Civil Code section 1794.

29. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of Subject Vehicle and has exercised their right to cancel the contract.  By serving this Complaint, Plaintiff does so again.

30. Defendant's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant and its representatives knew of their legal obligations and intentionally declined to follow them.  Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

## THIRD CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT
## VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2

31. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

32. In violation of Civil Code section 1793.2(a)(3), Defendant failed to make available to its authorized service and repair facilities sufficient service literature and/or replacement parts to effect repairs during the express warranty period.

33. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore brings this cause of action pursuant to Civil Code section 1794.

34. Defendant's failure to comply with its obligations under Civil Code section 1793.2(a)(3) was willful, in that Defendant knew of its legal obligations

and intentionally declined to follow them. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages, pursuant to Civil Code section 1794(c).

# FOURTH CAUSE OF ACTION
# BY PLAINTIFF AGAINST DEFENDANT
# BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
# (CIV. CODE § 1791.1; § 1794)

35. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

36. Pursuant to Civil Code section 1792, the sale of Subject Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil Code section 1791.1(c), the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

37. Due to the aforementioned defects, Subject Vehicle was not of the same quality as those generally acceptable in the trade; did not pass without objection in the trade; was not fit for the ordinary purposes for which such goods are used; was not adequately contained, packaged, and labeled; and/or did not measure up to the promises or facts stated on the container or label.

38. Plaintiff was harmed by the breach of the implied warranty of merchantability.

39. Defendant's failure to comply with its obligations under the implied warranty was a substantial factor in causing Plaintiff's harm. Thus, Plaintiff brings this cause of action pursuant to Civil Code section 1794.

///
///
///
///

## FIFTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT
### VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

40. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

41. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (referred to as "Mag-Mos

42. Defendant is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

43. The Subject Vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1)"), 15 U.S.C. § 2301(3).

44. In addition to the express warranty, in connection with the sale of the Vehicle to Plaintiffs, an implied warranty of merchantability was created under applicable state law remedies.

45. Defendant violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the Vehicle.

46. Plaintiff has provided Defendant with an opportunity to cure the breach of warranty and conform Subject Vehicle to the applicable warranty.

47. Plaintiff has also met all of Plaintiff's obligations and preconditions to bring this claim, or alternatively it would have been futile for Plaintiff to do so.

48. In addition, Plaintiffs have met all of Plaintiffs' obligations for bringing this claim as provided in the written warranties, or alternatively, Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

49. As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff has been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

50. Under the Act, Plaintiffs are entitled to reimbursement of the entire amount paid or payable, or alternatively, a replacement vehicle and/or California lemon law remedies.

51. The Magnuson Moss Act itself provides consumers with a substantive right of action for breach of express warranty, while looking to state law to determine the remedies available. See, e.g., Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1039 (9th Cir.2004).

52. Plaintiff is entitled to all incidental, consequential, penalties, and general damages resulting from Defendant's failure to comply with their obligations under the Mag-Moss Act.

53. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, implied warranty, as well as any other violations alleged here, and therefore brings this claim pursuant to 15 U.S.C. §2310(d) and seeks remedies under the Magnuson Moss Act and/or applicable California lemon law remedies.

54. Plaintiff is entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2).

## PRAYER

Wherefore, Plaintiff prays for judgment against Defendant as follows:

    a. For Plaintiff's actual damages in an amount according to proof;
    b. For statutory repurchase;
    c. For restitution;

d. For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c);

e. For any consequential and incidental damages in an amount according to proof;

f. For remedies authorized by California Commercial Code sections 2711, 2712, and/or 2713;

g. For costs and expenses of the suit, and for Plaintiff's reasonable attorneys' fees, pursuant to Civil Code section 1794(d) and to 15 U.S.C. § 2310(d)(2);

h. For prejudgment interest at the legal rate; and

i. For such other equitable or legal relief as the Court may deem proper.

Dated: January 1, 2023            **PRESTIGE LEGAL SOLUTIONS, P.C.**

BY:   */s/ Jeffrey L. Le Pere*
Michelle Yang, Esq.
Jeffrey L. Le Pere, Esq.
Attorneys for Plaintiff,
**JOSE MARTINEZ**